IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RICHARD F. BUCKLEY,**

    Plaintiff,

v.                                                                                          No. 13cv511 MV/RHS

**TRAVIS FISHER, MD;**
**PRESBYTERIAN WOUND CARE;**
**LAURA MITCHELL, MD,**

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on pro-se Plaintiff Richard F. Buckley's *Application to Proceed in District Court without Prepaying Fees or Costs* (hereinafter called "motion to proceed IFP"), filed June 3, 2013 (Doc. 2), and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. The Court must "dismiss the case" if it determines that any of the conditions in § 1915(e)(2)(B) exist. *See* § 1915(e)(2); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory).

**I.      Buckley has not established indigency.**

IFP status should be granted only if a plaintiff demonstrates that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Buckley, who is 69 years old and has no dependents, receives $710/month in SSI benefits. *See* Doc. 2 at 2.  He also receives $200/month in foodstamps.  *See id.*  He owns, free and clear, a 2000 Chrysler. *Id.* at 3.  He pays $720/month for rent;  $230/month for utilities;  $17.50/month for clothing and laundry;  and $72/month for car insurance (plus unlisted amounts for gasoline and car registration and maintenance), but he still manages to have $75 in cash and almost $110 in his checking account. *See id.* at 3-4.  Buckley states that he "prevailed" in a malpractice case against the Heart Hospital 9 years ago, *see* Compl. at 2; and the public records indicate that he trademarked the name "Continental Air Force," for a business that provides "educational services i.e. classes, seminars, conferences, briefings and de-briefings as well as actual flights as they relate to aviation and aircraft operations" after moving to New Mexico from Massachusetts in 2001, although the trademark was cancelled in 2009. *See* http://www.trademarkia.com/continental-air-force-76343872.html. The Court notes from the public records that Buckley apparently owned a home in Halifax, Massachusetts and an office building in Kingston, Massachusetts that he apparently sold before moving to New Mexico, but that he now rents an apartment.  The public records also indicate that Buckley donated $2300 to former-Governor Richardson' presidential campaign on 04/17/07, see: http://www.city-data.com/elec2/08/elec-RIO-RANCHO-NM-08.html#ixzz2VSGBYb3t, which would be impossible to do with the sparse income and expenses that Buckley has set out.  Based on the fact that Buckley regularly spends much more than the income he states he receives, and he has

no debt, it appears that he receives income from other sources, such as a trust or from a family member, or assets that he has not listed. Without holding a hearing on the matter, the Court concludes that Buckley has failed to show that he cannot, because of his poverty, provide himself with the necessities of life and pay the filing fee. *See Adkins*, 335 U.S. at 339. His application to proceed IFP will, therefore, be denied and his Complaint should be dismissed on that ground alone. *See* § 1915(e)(2)(A); *Trujillo*, 465 F.3d at 1217 n. 5. As set forth below, the Complaint must also be dismissed for more substantive reasons.

## II. Buckley fails to invoke the Court's subject-matter jurisdiction.

Even if he were indigent, Buckley has failed to state sufficient facts to invoke this Court's subject-matter jurisdiction over his claims. "Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). "[T]he party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction." *Id.* (internal quotation marks omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3); *see Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. . . . If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*. Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.") (internal citations omitted); *see also Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) ("a district court should not assume the role of advocate for the pro se litigant, and may not rewrite a petition to include claims that were never presented") (citation and internal quotation marks omitted).

Although he used a form the Court provides for filing civil-rights claims under 42 U.S.C. § 1983 and invokes the Court's jurisdiction only under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983, Buckley states that none of the Defendants were acting under state law.  *See* Compl. at 1-2.  To invoke the Court's subject-matter jurisdiction under § 1983, a plaintiff must allege facts showing that "some person has deprived him of a federally protected right;" and "that the person who has deprived him of that right acted under color of state or territorial law."  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).   A review of the allegations in his Complaint shows that Buckley is bringing only state-law medical malpractice/negligence actions against the Defendants.  *See* Compl. at 2.

> [A] plaintiff's failure to properly allege a "state action" in a § 1983 complaint strips the district court of subject matter jurisdiction [] if jurisdiction is alleged under 28 U.S.C. § 1343(3). *See Elliott v. Chrysler Fin.*, 149 Fed. Appx. 766, 768-69 (10th Cir.2005); *see also Monks v. Hetherington*, 573 F.2d 1164, 1167 (10th Cir. 1978) ("There is no demonstration of state action and, therefore, no basis for civil rights jurisdiction [pursuant to 28 U.S.C. § 1343(3)] in the case at bar.").

*Mehdipour v. Matthews*, No. 10-6073, 386 Fed. App'x 775, 778 n.3, 2010 WL 2748802, *3 n.3 (10th Cir. July 13, 2010) (unpublished).   Because Buckley has not alleged sufficient facts demonstrating that any of the Defendants are state actors, he has failed to invoke this Court's subject-matter jurisdiction under § 1343(3) and § 1983, and his Complaint must be dismissed because the Court lacks subject-matter jurisdiction.  *See* FED. R. CIV. P. 12(h)(3); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. . . . If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*.  Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.") (internal citations omitted); *see also Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir.

1999) ("a district court should not assume the role of advocate for the pro se litigant, and may not rewrite a petition to include claims that were never presented") (citation and internal quotation marks omitted). In addition, Buckley's Complaint alleges that the parties all reside in New Mexico, *see* Compl. at 1-2, thus he alleges no facts to establish federal diversity jurisdiction.

**IT IS ORDERED THAT** Buckley's motion to proceed IFP [Doc. 2] is DENIED and that his Complaint is dismissed without prejudice for lack of subject-matter jurisdiction.

**SO ORDERED** this 10th day of June, 2013.

_____
**MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE**